No. 16656.

District Court, W. D. Pennsylvania.

Aug. 11, 1932.

## THE INDIANA.

No. 13112.

District Court, E. D. New York.

Nov. 9, 1932.

592

William J. Mahar, of New York City, for libelant.

Thomas A. McDonald, of New York City (Franklin M. Depew, of New York City, of counsel), for claimant.

Pinto & Marcantonio, of New York City, for respondents impleaded.

BYERS, District Judge.

Libel for wages filed by one who was employed by the wife of the owner of a barge, to act as watchman. The employment was on the day of, or the day following, the death of owner.

The widow had not been appointed administrator at the time, but subsequently became such.

The period involved began on December 19, 1931, and terminated on April 26, 1932. On the last mentioned date, the barge was sold by the two administrators of the deceased owner, to the claimant, by bill of sale containing a warranty.

The two persons who are the administrators have been impleaded, and the points in issue are (a) the agreed amount of compensation of the libelant, and (b) if any remains unpaid, whether the claim is payable by the administrators in their representative capacity.

The evidence points to a hiring at $30.00 per month while the barge was idle, and $90.00 when in service. The former condition obtained throughout the period in question, and the libelant therefore was entitled to be paid, in round figures, $130.00; the libel admits receipt of $109.50, leaving a balance of $20.50 payable to the libelant, with interest from April 26, 1932.

The claim is payable by the respondent Lockwood impleaded, individually. She did the hiring, for the benefit of those who would become entitled as distributees of her husband's estate. On the settlement of her account as administrator, the Surrogate's Court will determine whether she can be reimbursed from the proceeds of the sale of the barge.

Settle decree on three days' notice, providing for the foregoing disposition of the controversy.